

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2003

# Ballardo v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4124

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Ballardo v. Comm Social Security" (2003). *2003 Decisions*. Paper 440.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/440

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4124

LILLIAN T. BALLARDO,

Appellant

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 01-cv-00622)
District Court Judge: Hon. Joel A. Pisano

Submitted Under Third Circuit LAR 34.1(a)
June 17, 2003

Before: ALITO, ROTH, and HALL,[*] Circuit Judges.

(Opinion Filed: June 20, 2003)

OPINION OF THE COURT

HALL, Circuit Judge:

---

[*] The Hon. Cynthia Holcomb Hall, Circuit Judge for the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Lillian T. Ballardo appeals the district court's order affirming the final decision of the Commissioner of Social Security. Ballardo filed an application for disability benefits, alleging an onset date of June 30, 1994. The Commissioner granted benefits to Ballardo as of August 8, 1995 after an Administrative Law Judge (ALJ) found a "lack of significant treatment or findings reflecting significant restrictions" prior to that date. For the reasons set forth below, we AFFIRM.

We review an ALJ's decision for support by substantial evidence. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000) (citing 42 U.S.C. § 405(g)). Substantial evidence is defined as "such evidence as a reasonable mind might accept as adequate." Id. (internal citations omitted).

Ballardo argues that the ALJ erred by failing to articulate the basis for his decision that Ballardo's impairment is not equal in severity to any statutorily listed impairment. In Burnett, we reversed and remanded an ALJ's decision that stated merely that the claimant's "impairment failed to equal the level of severity of any disabling condition contained in Appendix 1, Subpart P of Social Security Regulations No. 4." Id. Such a conclusory statement does not satisfy the substantial evidence standard because it provides the reviewing court with no indication of whether the ALJ adequately considered all probative evidence. Id.

In the instant case, the ALJ stated only that "the claimant is severely impaired by disc degeneration of the lumbar spine, status post two surgeries, which impairment does

not meet or equal the medical criteria of a listed impairment." This conclusory statement closely resembles the statement rejected as insufficient in Burnett. However, a claimant bears the burden of producing evidence that her impairment is equivalent to a listed impairment, id. at 120 n.2, and equivalence to a listed impairment must be determined on the basis of medical findings "supported by medically acceptable clinical and laboratory techniques." 20 C.F.R. § 404.1526(a), (b). Ballardo presented essentially no medical evidence of a severe impairment prior to August 8, 1995.[1] The only medical evidence of Ballardo's condition prior to August 8, 1995 is Dr. Douglas Bradley's report, which references Ballardo's surgery and notes that approximately six weeks after her first surgery Ballardo was "much improved," ready to begin an exercise program, and capable of returning to school. Ballardo also testified to her degree of impairment during the relevant time period. A claimant's own testimony, however, is not evidence supported by "medically acceptable clinical and laboratory diagnostic methods." 20 C.F.R. § 404.1526. Because Ballardo did not meet her burden of production, the ALJ was not required to articulate specific reasons that Ballardo's impairment was not equal in severity to any of the statutorily listed impairments.

Ballardo also argues that the ALJ's determination that she could perform the full

---

[1]Ballardo did present several medical reports regarding the existence of a severe impairment beginning in mid-1995. While the ALJ arguably erred in failing to specifically compare these reports to the listed impairments, Ballardo was ultimately awarded benefits for this time period and presumably does not seek remand on this ground.

range of sedentary work prior to August 8, 1995 violated the Cotter doctrine. See Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981) (holding that an ALJ must provide "not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence that was rejected."). Ballardo argues that the ALJ improperly ignored evidence that she underwent back surgery on July 21, 1994, and subsequently continued to experience a variety of problems, including an inability to sit for more than fifteen minutes at a time and a need for heavy pain medication and a walker.

The ALJ acknowledged that Ballardo underwent surgery in 1994. The ALJ also noted Ballardo's testimony regarding her inability to sit and her need to use a walker, but discredited these complaints because the only medical reports relevant to that time period indicated "that the claimant had good improvement until an August 1995 exacerbation." In addition, the ALJ observed that Ballardo's only medical records between her July 21, 1994 surgery and the August 1995 exacerbation were from routine post-surgery follow-up sessions, and did not reflect "significant findings or limitations." The ALJ's decision does not run afoul of the Cotter doctrine because it clearly indicates that evidence probative of a pre-August 8, 1995 disability was not credited, as opposed to simply ignored.

As a third ground for reversal, Ballardo argues that the ALJ gave insufficient weight to her subjective complaints of pain. Testimony from a claimant regarding pain and other symptoms is entitled to "great weight" when supported by competent medical evidence. Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999). As noted

above, the medical evidence did not corroborate Ballardo's testimony. Thus, the ALJ did not err by disregarding Ballardo's subjective complaints of pain.

Finally, Ballardo argues that the ALJ erred by determining the onset date of disability without the aid of a medical expert. Ballardo contends that <u>Walton v. Halter</u>, 243 F.3d 703 (3d Cir. 2001), requires an ALJ to obtain medical testimony in cases of ambiguous onset dates. In <u>Walton</u>, we held that Social Security Regulation 83-20 requires an ALJ to call a medical advisor in cases involving a slowly progressive impairment with an ambiguous onset date alleged to have occurred far in the past. <u>Walton</u>, 243 F.3d at 709; <u>see also</u> S.S.R. 83-20 ("[h]ow long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis.").

<u>Walton</u> is distinguishable from the instant case in several key respects. First, <u>Walton</u> specifically addressed manic depressive disorder, a condition which is both progressive and difficult to diagnosis. <u>Walton</u>, 243 F.3d at 705-08. In addition, the ALJ's task of determining the onset date of the claimant's condition was complicated in <u>Walton</u> by the fact that the alleged onset date was more than twenty years prior to the hearing, and medical records were sparse and conflicting. <u>Id</u>. In the instant case, the available medical reports supported the ALJ's conclusion that Ballardo's condition after her first surgery was "much improved," and that Ballardo did not again experience disabling pain until August 8, 1995. These reports provided a legitimate medical basis for the ALJ to make an informed

judgment as to the onset date of Ballardo's disability.

For the reasons discussed above, the ALJ's decision was supported by substantial evidence. We AFFIRM the judgment of the district court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Not Precedential Opinion.


/s/ Cynthia Holcomb Hall
Circuit Judge